UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ALAN DAYTON, :

   Plaintiff : CIVIL ACTION NO. 3:20-2416

v. : (JUDGE MANNION)

:

EMPLOYERS MUTUAL
CASUALTY COMPANY, :

   Defendant

## MEMORANDUM

Before the court is plaintiff Alan Dayton's motion to remand (Doc. 9) following defendant Employers Mutual Casualty Company ("EMC")'s notice of removal (Doc. 1). For the reasons provided herein, the court will deny plaintiff's motion.

I. **Background**

On August 11, 2016, plaintiff was injured while operating a vehicle owned by his employer D&M Bumper Exchange and insured by defendant, when a car driven by Jamie Sharp collided with plaintiff's vehicle. (Doc. 1-8 at ¶4). The insurance policy provided to D&M Bumper Exchange by the defendant ("EMC policy") was a commercial fleet policy that granted

underinsured motorist (UIM) coverage of $500,000 per vehicle, for multiple vehicles. *Id.* at ¶¶6, 12. Plaintiff subsequently submitted a claim for UIM benefits under the EMC policy, alleging he was entitled to UIM benefits under the EMC policy because Sharp's vehicle was an underinsured motor vehicle and his injuries exceeded the liability limits of Sharp's liability policy. *Id.* at ¶7. Defendant accepted plaintiff's claim for UIM coverage but denied him stacked UIM benefits. *Id.* at ¶9. Plaintiff avers the EMC policy defines an "insured" as the following:

WHO IS AN INSURED:

If the named insured in the declarations as:

2. A partnership, limited liability company corporation and other form of organization, then the following are "insureds":

    a. Anyone "occupying" a covered "motor vehicle" or a temporary substitute for a covered "motor vehicle". The covered "motor vehicle" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

*Id.* at ¶14.

Plaintiff argues that defendant's refusal to pay stacked UIM benefits under the EMC policy violates §1738 of the Motor Vehicle Financial Responsibility Law ("MVFRL"), as the statute requires that stacked UIM coverage be provided unless the named insured executes a valid waiver. 75 Pa.C.S.A. §1738. Plaintiff avers he did not sign such a waiver. (Doc. 1-8 at ¶11).

Thereafter, plaintiff filed a complaint for declaratory judgment in the Court of Common Pleas of Lackawanna County, Pennsylvania on December 3, 2020 (Doc. 1-7). Defendant removed the action on December 23, 2020 to this court, invoking diversity subject matter jurisdiction. (Doc. 1). Plaintiff then filed a motion to remand on February 11, 2021 (Doc. 9), in which he requests that the court decline to exercise discretionary jurisdiction over this case. (Doc. 9 at ¶14). Defendant filed a brief in opposition on February 25, 2021 (Doc. 11). As the plaintiff did not file a reply brief during the period in which he may do so, the plaintiff's motion is ripe for disposition.

II.  **Standard of Review**

The initial inquiry in determining whether to grant a petition for remand pursuant to a declaratory judgment action is "whether the case originally filed in the state forum was properly removed to the federal court." *Corwin Jeep Sales & Service, Inc. v. American Motor Sales Corp.*, 670 F.Supp. 591, 592

(M.D.Pa. 1986) (*citing Chandler v. Riverview Leasing, Inc.*, 602 F.Supp. 157 (E.D.Pa.1984)). The Declaratory Judgement Act ("DJA") itself does not provide federal jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950). To exercise jurisdiction under the DJA, a court must have federal subject matter jurisdiction independent of the DJA. *Id.*

Once a court determines it has subject matter jurisdiction over a DJA action, it then considers whether to exercise such jurisdiction. The DJA provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party." *See* 28 U.S.C. §2201. While a federal court may exercise jurisdiction in a DJA action, it is not required to do so. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942). Federal courts have substantial discretion in deciding whether to exercise jurisdiction, and such discretion is bounded and reviewable. *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 146 (3d Cir. 2014).

In determining whether to exercise federal jurisdiction pursuant to the DJA, "[t]he Supreme Court and [the Third] Circuit have long noted the importance of pending parallel state proceedings as a consideration." *Reifer*, 751 F.3d at 143. The absence of a parallel state proceeding creates a rebuttable presumption in favor of exercising jurisdiction. *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 226 (3d Cir. 2017). Where there is no pending

parallel state proceeding, "[d]istrict courts declining jurisdiction should be rigorous in ensuring themselves that the lack of pending parallel state proceedings is outweighed by opposing factors." *Reifer*, 751 F.3d at 144. In *Reifer*, the Third Circuit identified several factors the court should meaningfully consider when deciding whether to award declaratory relief:

(1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

(2) the convenience of the parties;

(3) the public interest in settlement of the uncertainty of obligation;

(4) the availability and relative convenience of other remedies;

(5) a general policy of restraint when the same issues are pending in a state court;

(6) avoidance of duplicative litigation;

(7) prevention of the use of the declaratory action as a method of procedural fencing, or as a means to provide another forum in a race for *res judicata*; and

(8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Reifer*, 751 F.3d at 146. The eight factors described in *Reifer*, however, is not an exhaustive list. *Id.* Notably, a federal court should be hesitant "in exercising jurisdiction over declaratory judgment actions when the state law involved is close or unsettled." *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 135 (3d Cir. 2000). "[D]istrict courts should give serious consideration to the fact that they do not establish state law, but are limited to predicting it." *Id.*

## III. Discussion

### a. Subject Matter Jurisdiction

As an initial matter, "[d]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states [.]" 28 U.S.C. §1332. Here, it is undisputed that the parties are citizens of different states. The plaintiff is a citizen of Pennsylvania and the defendant is both incorporated and has its principal place of business in Iowa. (Doc. 1 at ¶12; Doc. 1-7 at ¶1). At dispute is whether the amount in controversy exceeds $75,000. Plaintiff suggests that because the instant declaratory judgment action seeks to determine the parties' contractual

rights and no related damages, the amount in controversy requirement is not met. (Doc. 9 at 1-2). This court finds the plaintiff's argument unpersuasive.

While declaratory judgment actions do not directly entail the award of monetary damages, "it is well established that the amount in controversy [in such actions] is measured by the value of the object of the litigation." *Auto–Owners Insurance Company v. Stevens & Ricci Inc.*, 835 F.3d 388, 397-398 (3d Cir. 2016) (*quoting Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). "[A] plaintiff may not defeat removal simply by characterizing a case as involving equitable claims rather than damages, or by seeking less than the requisite amount in controversy when the court is informed that the value of the interest to be protected exceeds that amount." *Corwin Jeep Sales & Service, Inc.*, 670 F.Supp. at 596. In an insurance coverage declaratory judgment action, a federal court looks to "the value of the insurance policy and the damages alleged in the underlying case to determine whether the jurisdictional amount in controversy has been met." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995). The allegations on the face of the complaint sets the amount in controversy unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.*

Here, plaintiff seeks stacked UIM benefits under the EMC policy, which appears to provide coverage of $500,000 per vehicle, for multiple vehicles. (Doc. 1-8 at ¶8). Given the relevant coverage limit and alleged severe nature of plaintiff's auto collision, this court cannot say with legal certainty that plaintiff would not recover at least $75,000. *Accord Homesite Insurance Co. v. Neary*, No. 17-2297, 2017 WL 5172294, at \*3 (E.D.Pa. Nov. 8, 2017) (finding no legal certainty that plaintiff would recover less than $75,000 where the policy at issue has coverage limits of $500,000 for multiple vehicles). The court also notes that defendant's Notice of Removal avers the amount in controversy exceeds $75,000 and there has been no indication that such allegation was not made in good faith. Therefore, the court finds that it has subject matter jurisdiction over this action.

### b. Jurisdiction under the DJA

Having concluded that this court has subject matter jurisdiction over this action, this court further determines it will exercise jurisdiction over this case. As an initial matter, there is no pending parallel state proceeding and the litigants do not dispute this point.

Further, the factors described in *Reifer* favor exercising federal jurisdiction. The first factor weighs in favor of federal jurisdiction. A declaration by either this court or the state court will resolve the uncertainty

of obligation that gave rise to this controversy. As there is no parallel state court proceeding, the first factor mitigates in favor of federal jurisdiction. *Accord Martin v. Zurich America*, No. 1:15-cv-02118, 2016 WL 3551481, at *2 (M.D.Pa. June 30, 2016) (weighing first factor in favor of federal jurisdiction where there was no parallel state court proceeding, and a federal court declaration would unquestionably resolve the dispute).

The second factor also weighs in favor of federal jurisdiction. Because both state and federal courts are situated in the same city, retaining jurisdiction would not be any more or less convenient to the parties geographically. As this case is already in federal court, the second factor mitigates in favor of jurisdiction. *See Sullo v. Nationwide Property and Casualty Insurance Co.*, No. 1:19-cv-00553, 2019 WL 3337059, *3 (M.D.Pa. July 24, 2019) (finding second factor in favor of exercising jurisdiction where state and federal courts are both in the Northeastern Pennsylvania).

Factor three is neutral, as there is no "public interest" in this matter. Neither party here has identified a public interest at stake, and it does not appear to the court that there is one here other than a general interest in the fair adjudication of the underlying dispute. *Id.* (concluding public interest factor in an insurance coverage dispute is neutral where neither party identified a public interest).

The fourth factor does not impact the court's decision here, as there are no remedies other than to exercise federal jurisdiction or remand to state court. Further, the sixth and seventh factors, which consider if the same issues are pending in state court and the potential for duplicative litigation, is each inapplicable as there is no pending parallel state court proceeding here.

The seventh factor cautions against exercising jurisdiction when removal is mere "procedural fending" or "forum shopping." *Zurich America*, 2016 WL 3551481 at *3 (*citing Reifer*, 751 F.3d 129 at 146). As there does not appear to be any suggestion that removal here was driven by an improper motive, the seventh factor is neutral. Moreover, the eighth factor, an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to seek suit in federal court, is inapplicable here because there is no parallel state court proceeding. *See Sullo*, 2019 WL 3337059, at *4 (finding the eighth factor inapplicable where there was no parallel state proceeding).

Plaintiff argues that this court should decline to exercise jurisdiction because the issues only involve state law, and the applicable state law remains unsettled. This court disagrees, as courts in the Third Circuit have regularly retained jurisdiction over declaratory judgment actions in insurance cases where the substantive legal issue is purely one of state law. *See Sullo*,

2019 WL 3337059 (retaining jurisdiction over an auto insurance coverage dispute which concerned only issues of state law); *Zurich America*, 2016 WL 3551481 (declining motion to remand a matter which concerned only state law); *Scottsdale Ins. Co. v. RSE Inc.*, 303 F.R.D. 234 (E.D.Pa. 2014) (finding court is not obligated to remand a DJA action regarding the application of state law to an insurance contract).

## IV. Conclusion

For the foregoing reasons, the court will deny plaintiff's motion to remand. (Doc. 9). A separate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 13, 2021**
21-2416-01