**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALAN DAYTON,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 20-2416** |
| **v.** | : | **(JUDGE MANNION)** |
| **EMPLOYERS MUTUAL CASUALTY CO.,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

Presently before the court is defendant's motion for summary judgment, (Doc. 20). The defendant filed a statement of material fact, (Doc. 20-7), and a brief in support of its motion, (Doc. 21). The plaintiff filed an answer to the statement of material fact, (Doc. 22), and a brief in opposition, (Doc. 23). Defendant then filed a reply brief, (Doc. 24). The matter is now ripe for disposition.

## I. BACKGROUND[1]

This case arises from a motor vehicle accident that occurred on August 11, 2016. Plaintiff, Alan Dayton ("Dayton"), was the operator of 2011 Ford F-

[1] The facts contained herein are drawn from the parties' statement of material facts. (Doc. 20-7 & 22).

150 owned by his employer, D & M Bumper Exchange, and insured by defendant, Employers Mutual Casualty Company ("EMC"). D & M Bumper Exchange entered into the policy (4E5-29-10-18) on April 18, 2011. At the time the policy was entered into, one of the owners of D & M Bumper Exchange signed a waiver of stacking form pertaining to the policy at issue here. Throughout the life of the policy, vehicles were added and dropped, but the policy ranged from seven to eight vehicles covered at any given point in time. The policy included non-stacked UIM benefits of $500,000 per vehicle and listed seven vehicles at the time of the accident. (Doc. 22-3).

After the accident occurred and pursuant to the policy, EMC paid Dayton $500,000 based upon the non-stacked UIM benefits. (Doc. 6, p.3).

## II.  STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury

could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Aetna Cas. & Sur. Co. v. Ericksen, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249; see also Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party. In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); see also Celotex, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party must do more than simply show that there is some metaphysical doubt as to material facts, but must show sufficient

evidence to support a jury verdict in its favor. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). However, if the non-moving party fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial, Rule 56 mandates the entry of summary judgment because such a failure necessarily renders all other facts immaterial. Celotex Corp., 477 U.S. at 322-23; Jakimas v. Hoffman-La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007).

## III. DISCUSSION

In Pennsylvania, the Motor Vehicle Financial Responsibility Act ("MVFRL") "requires every motor vehicle insurance policy issued in Pennsylvania to include an offer of both uninsured ["UM"] and underinsured motorist ["UIM"] coverage equal to the bodily injury liability amount." Farmland Mut. Ins. Co. v. Sechrist, 769 F.App'x 66, 70 (3d Cir. 2019) (citing 75 Pa.C.S. 1731(a)). Section 1738 of the MVFRL explains "the stacking of uninsured and underinsured motorists benefits as well as the waiver of such stacking." Stockdale v. Allstate Fire & Cas. Ins. Co., 441 F. Supp. 3d 99, 102 (E.D. Pa. 2020) (citing State Farm Mut. Auto. Ins. Co. v. Powell, 879 F. Supp.

538, 540 (W.D. Pa. 1995)). For an individual automobile insurance policy, "Section 1738 of the MVFRL makes stacked coverage the default, and [...] this default can only be waived by a signed rejection of such coverage." Shepherd v. Talotta, No. CV 20-1046, 2021 WL 1582400, at *4 (E.D. Pa. Apr. 22, 2021). To waive UM/UIM coverage, "an insurer must provide the insured with a statutorily-prescribed waiver form, which the named insured must sign if he wishes to reject the default provision of stacked coverage." Gallagher, 201 A.3d at 137. However, the Pennsylvania Supreme Court has held that a commercial fleet policy does not require stacking under §1738. Webb v. Discover Prop. & Cas. Ins. Co., No. 3:08cv1607, 2009 WL 3053686 *1 (M.D. Pa. Sep. 22, 2009) (citing Everhart v. PMA Ins. Grp., 938 A.2d 301, 307 (Pa. 2007)) (explaining that "language employed by the Legislature indicates, the General Assembly intended to exclude commercial fleet policies from its purview.").

  Defendant argues that summary judgment is appropriate because the policy is a commercial fleet policy, which does not require stacking under §1738. Plaintiff contends that the policy is not a commercial fleet policy for three reasons: the policy had signed UM/UIM forms from 2011; the policy does not specifically state "fleet"; and the policy only covers seven vehicles. Each of plaintiff's argument will be addressed in turn.

First, the signing of the UM/UIM forms in 2011 does not control whether or not the policy is a commercial fleet policy. The Pennsylvania Supreme Court's opinion in Everhart explained, "we hold that the General Assembly did not intend to mandate the stacking of coverage under commercial fleet policies pursuant to Section 1738 of the MVFRL." 938 A.2d at 307. Plaintiff's argument is devoid of any case law indicating that by also having an insured sign a waiver of stacking form, even if inapplicable, reshapes the policy from a commercial policy into a personal policy. If anything, the waiver of stacking was an unnecessary step.

Second, plaintiff argues that §1738 of the MVFRL does not state that commercial fleet policies are exempt from its requirements and the policy does not specifically state "fleet." While plaintiff "respectfully submit[s] that if the Supreme Court were to consider the issue today, it would overturn Everhart," plaintiff ignores the thorough explanation undertaken by the Pennsylvania Supreme Court in Everhart. In Everhart, the court explained:

> [W]e discern the intent of the General Assembly by consideration of former law on this subject. While the MVFRL was enacted in 1984, Section 1738 was only added in 1990. At the time of the 1990 amendment to the MVFRL, there already existed a body of decisional law holding that stacking of uninsured and underinsured motorist coverage did not apply to commercial fleet policies. See Miller; see also Lastooka v. Aetna Insurance Co., 380 Pa.Super. 408, 552 A.2d 254 (1988); Thompson v. Royal Insurance Co., 361 Pa.Super. 78, 521 A.2d 936 (1986); Boris v. Liberty Mutual Insurance Co., 356 Pa.Super.

> 532, 515 A.2d 21 (1986). Indeed, one year before the addition of Section 1738 to the MVFRL, our Court, citing Miller, affirmed the prohibition against requiring the stacking of uninsured motorist coverage under a fleet policy. Selected Risks Insurance Co. v. Thompson, 520 Pa. 130, 552 A.2d 1382, 1387 (1989).
>
> It is well established that "statutes are not presumed to make changes in the rules and principles of the common law or prior existing law beyond what is expressly declared in their provisions." Carrozza v. Greenbaum, 591 Pa. 196, 916 A.2d 553, 566 (2007) (quoting Commonwealth v. Miller, 469 Pa. 24, 364 A.2d 886, 887 (1976)). Thus, the Court will not disturb established legal principles without express direction from the Legislature. Carrozza, 916 A.2d at 565–66.

938 A.2d at 306–07. Furthermore, the court explains that the waiver provision contained in §1738(d)(2) states, "myself and members of my household," which reflects that the General Assembly was not referring to commercial policies, but personal auto policies. Combining the language contained within the waiver with the prior existing law in Pennsylvania, the Supreme Court of Pennsylvania held that the requirements of §1738 do not apply to commercial policies. Therefore, plaintiff's argument pertaining to the "legislative statement" fails.

Plaintiff argues that the policy lacks the word "fleet," and as such, the policy should not be considered a commercial fleet policy. Again, plaintiff does not cite any case law for this argument. To the contrary, defendant points to the policy at issue in Everhart. There, the policy was entitled "Business Automobile Policy." Everhart, 938 A.2d at 301. EMC's policy

declarations page is entitled, "Commercial Auto Declarations – Business Auto." (Doc. 20-4). The policy then indicates the named insured as "D & M Bumper Exchange." (Doc. 20-4). While EMC's policy does not use "fleet" in the title of the policy, this does not change the nature of the policy as a commercial fleet policy.

Lastly, plaintiff argues that the policy only having seven or eight vehicles does not constitute a commercial fleet. Plaintiff does not cite any case law explaining the required number of vehicles for a commercial policy to constitute a "fleet." Looking to Everhart, the court can draw that policies that are commercial in nature and have numerous vehicles can constitute commercial fleet policies. Here, the defendant's policy was a commercial policy for D & M Bumper Exchange and had numerous vehicles. As such, the court finds the policy to be a commercial fleet policy.

Therefore, as a commercial fleet policy, plaintiff cannot stack UIM coverage. Everhart, 938 A.2d at 306-07. With a finding that the policy at issue is a commercial fleet policy, the court will not issue an advisory opinion as to whether plaintiff would qualify for stacked UIM coverage as an "insured" under a personal auto policy.

## IV. CONCLUSION

Defendant's motion for summary judgment, (Doc. 20), is granted. An appropriate order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 3, 2023**
20-2416-02
